**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGLIN XU, | No. 10-73224 |
| Petitioner, | Agency No. A097-358-524 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Yinglin Xu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Xu's submission of a fraudulent employment termination letter, *see id*. at 1272, the discrepancies between Xu's testimony and nonimmigrant visa application regarding his educational and employment background, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and Xu's inconsistent testimony regarding his surveillance by authorities, *see Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).  The agency reasonably rejected Xu's explanations.  *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  In the absence of credible testimony, Xu's asylum and withholding of removal claims fail.  *See Farah*, 348 F.3d at 1156.

Because Xu's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

10-73224